The Memorandum Decision and Order below is hereby signed.  Dated: May 8, 2008.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                              )
                                   )
YVONNE H. FENDALL,                 )    Case No. 08-00001
                                   )    (Chapter 13)
        Debtor.                    )    **Not for Publication in**
                                   )    **West's Bankruptcy Reporter**

MEMORANDUM DECISION AND ORDER TO SUPPLEMENT OBJECTION TO CLAIM

The debtor has filed an objection to the claim of Yvonetta Jackson, Claim No. 1, asserting that the claim is not in proper form, is not supported by documentation required if the claim is alleged to be secured, and provides insufficient documentation to establish the amount of the claim (Docket Entry ("DE") No. 39, filed March 13, 2008).

The proof of claim in question asserts a $100,000.00 secured claim based on money loaned and services performed.  Attached to the proof of claim is a September 6, 2007 Lis Pendens Notice filed by Ms. Jackson in which Ms. Jackson alleges that she advanced a total of at least $71,000 to the debtor, including $39,000.00 to reinstate a loan, $30,000.00 for renovations, $2,000.00 for property insurance, and additional sums for

utilities.  The Lis Pendens Notice further contends that Ms. Jackson is entitled to either payment of the $100,000.00 plus interest and legal fees or a conveyance of legal title of the real property known as 3322 Ely Place SE, Washington D.C. 20019.

The Lis Pendens Notice does not create a lien, and an asserted right to the conveyance of real property based upon the debtor's non-payment of an otherwise unsecured debt does not give rise to a secured claim.  Thus, the court agrees with the debtor that the claim does not provide adequate support for Ms. Jackson's assertion that the claim is secured and the court will sustain the debtor's objection as to that issue.  As to the balance of the debtor's objection, however, and for the following reasons, the court will require the debtor to submit an affidavit or affidavits rebutting the prima facie validity of the claim.

A properly executed and filed proof of claim constitutes "prima facie evidence of the validity and amount of the claim." F.R. Bankr. P. 3001(f).  Rule 3001(f) treats a proof of claim, executed under penalty of perjury, as the equivalent of an affidavit supporting the creditor's claim, casting the burden on the objecting party to adduce contrary evidence.  Under Rule 3001(f), the court may direct that the debtor file an affidavit to overcome the prima facie evidence of the validity and amount of a claim.  See Garner v. Shier (In re Garner), 246 B.R. 617 (B.A.P. 9th Cir. 2000); In re Nejedlo, 324 B.R. 697, 700 (Bankr.

E.D. Wis. 2005) (evidence rebutting prima facie validity of claim may come "in the form of an affidavit or declaration, especially when the claimants themselves do not respond or appear at the hearing on the Objections," (citing Garner)).

To the extent the proof of claim indicates that Ms. Jackson advanced $71,000.00 for the benefit of the debtor, Ms. Jackson's claim appears to be a claim for monies received and constitutes prima facie evidence of the validity of the claim at least with respect to those amounts.  Thus, notwithstanding that the debtor's objection to claim is unopposed, the debtor needs to address whether Ms. Jackson did, in fact, pay the amounts recited by Ms. Jackson in her proof of claim.  It is thus

ORDERED that the court sustains the debtor's objection to Yvonetta Jackson's assertion that her claim, Claim No. 1, is a secured claim.  It is further

ORDERED that within 25 days after entry of this order, the debtor shall file and serve on Ms. Jackson an affidavit or affidavits addressing Ms. Jackson's claim that she advanced money to the debtor and demonstrating that no claim is owed.  It is further

ORDERED that within 15 days of the debtor's filing of an affidavit or affidavits, Ms. Jackson may file an affidavit countering the debtor's affidavit or affidavits.  Ms. Jackson is warned that if she fails to file such a response, the court may

sustain the debtor's objection.

[Signed and dated above.]

Copies to: Debtor; Debtor's Attorney; Cynthia A. Niklas; and

Yvonnetta Jackson
8025 Dorado Ter.
Brandywine, MD 20613